## *Ex parte* THEODORE GRAVES.

No. A-1832. , Opinion Filed March 4, 1913.

(130 Pac. 307.)

**STATES—Powers of Territories—Laws Defining and Punishing Murder and Manslaughter.** Oklahoma Territory had the authority and power to enact laws defining the crimes of murder and manslaughter, and to prescribe punishment therefor.

(Syllabus by the Court.)

Application of Theodore Graves for writ of *habeas corpus.* Writ denied.

*W. D. Halfhill,* for petitioner.

*Chas. West,* Atty. Gen., and *Jno. L. Hull,* Special Asst. Atty. Gen., for respondent.

DOYLE, J. This is a petition for writ of *habeas corpus,* and is filed for the purpose of setting at liberty Theodore Graves. It is alleged in the petition that he is restrained of his liberty, and is unlawfully imprisoned in the state penitentiary at Mc-Alester, by R. W. Dick, warden.

It appears from the petition that Theodore Graves was in the district court of Washita county, Oklahoma Territory, duly convicted of the crime of manslaughter in the first degree, and was on November 22, 1904, sentenced to imprisonment for a term of ten years; that on February 9, 1909, he was paroled by the state board of pardons and paroles; and that, by direction of the Governor of the state of Oklahoma, said parole so granted was later revoked. It is alleged:

"That the Governor of the state of Oklahoma has no constitutional or lawful right or authority to order the imprisonment, in the penitentiary of the state of Oklahoma, this petitioner; that, upon the contrary, said warrant and imprisonment of petitioner aforesaid is a violation of the rights of this petitioner, in this, to wit: That said order of the Governor aforesaid, if carried out, will imprison this petitioner for a longer time than he would have been imprisoned by the order, judgment, and decree of the court in which he was originally sentenced; that the Governor

of the state of Oklahoma has no judicial authority, or any legal right or capacity, to fix a time in which the petitioner should be imprisoned, beyond the time fixed and limited by the court, where said petitioner was tried, convicted, and sentenced by said court aforesaid; and that his present imprisonment and restraint of this petitioner is.an imprisonment 'without due process of law,' and in violation of the Constitution of the United States of America."

It is also alleged that the Code of Criminal Procedure of the territory of Oklahoma was never duly enacted, in that the same was never signed by the presiding officer of the council, nor of the House of Representatives, nor the Governor of the territory of Oklahoma, as required by the "organic act" of said territory. It is further alleged that the district court of Washita county had no jurisdiction to try said cause for the reason that, at the time of the passage of the organic act (Act May 2, 1890, c. 182, 26 Stat. 81), there was in force in the territory, included within the limits of Oklahoma, certain laws of the United States, which covered specifically the offense of murder and manslaughter, when committed in a place or district under the exclusive jurisdiction of the United States.

The petition was filed with the clerk of this court September 17, 1912, but was not presented to the court, or any member thereof. Later a brief was filed, and the Attorney General filed an answering brief. No proof was offered in support of the averments of the petition. The petition does not contain a copy of the original judgment of conviction, nor of the parole, nor of the order revoking the parole; nor is a copy of the warrant and order of arrest issued upon the revocation of the parole attached to the petition. Therefore no question is properly presented by the averments relating thereto; the jurisdictional questions sought to be raised having been heretofore determined, adversely to the contentions of petitioner's counsel. Oklahoma Territory had the right and power to enact laws defining the crime of murder and of manslaughter, and to prescribe punishment therefor.

The application of the petitioner fails to show that the judgment and commitment under which he is imprisoned are void or that he is entitled to a release, hence it will be denied.

ARMSTRONG, P. J., and FURMAN, J., concur.